IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARLENE MACE, | ) | |
| | ) | |
| Plaintiff, | ) | 19 C 5044 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| BERJE, INC., CENTROME, INC., DSM FOOD SPECIALTIES USA, INC., ELAN CHEMICAL CO., INC., FONA INTERNATIONAL, INC., FRUTAROM USA, INC., KERRY, INC., O'LAUGHLIN INDUSTRIES, INC., PHOENIX AROMAS & ESSENTIAL OILS, INC., SIGMA-ALDRICH, INC., and THE EDLONG CORPORATION, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Defendant Kerry, Inc.'s motion to dismiss [49] is granted. This case is transferred to the District of South Carolina pursuant to 28 U.S.C. § 1406(a). Defendant Elan Chemical's motion to dismiss [59] is denied without prejudice to renewal in the District of South Carolina. The Clerk is directed to effectuate the transfer forthwith. The 12/9/2019 status hearing [62] is stricken. Civil case transferred.

## STATEMENT

Defendant Kerry, Inc. moves under Rule 12(b)(3) to dismiss this case for lack of proper venue. Doc. 49. The court set a briefing schedule requiring Plaintiff Marlene Mace to respond to the motion by November 20, 2019. Doc. 62. Mace did not respond and did not seek an extension. Accordingly, Mace has forfeited any argument she might have presented in opposition to Kerry's motion to dismiss. *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court. That is true whether it is an affirmative argument in support of a motion to dismiss or an argument establishing that dismissal is inappropriate.") (citations omitted); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.") (internal quotation marks omitted); *see also Boogaard v NHL*, 891 F.3d 289, 294-96 (7th Cir. 2018) (affirming the district court's holding that the plaintiffs forfeited their claims by failing to respond to the defendant's argument under Rule 12(b)(6) that they failed to state a claim).

1

The analysis could end there, but the court adds for good measure that, even putting aside forfeiture, Kerry is correct on the merits. Venue does not lie under 28 U.S.C. § 1391(b)(1) because some—indeed, most—of the defendants reside outside this District. Doc. 1-1 at ¶¶ 6-18. Venue does not lie under § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim did not occur in this District and a substantial part of the property that is the subject of this case is not situated in this District; rather, the District of South Carolina is an, and likely the only, appropriate venue under § 1391(b)(2). *Id*. at ¶¶ 1-4, 29-31. And because venue lies in the District of South Carolina under § 1391(b)(2), venue cannot lie in this District under § 1391(b)(3). *See KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 733 (7th Cir. 2013).

Rather than dismiss this case and require Mace to refile in the District of South Carolina, the court in its discretion finds that the interests of justice warrant transfer to that District under 28 U.S.C. § 1406(a).

December 6, 2019

_____
United States District Judge